**Jack N. RICHARDS, Plaintiff— Appellant,**

v.

**CITY OF SEATTLE, et al., Defendants—Appellees.**

**No. 00–35840.**

**D.C. No. CV–99–0865–JCC.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2002.

Decided April 1, 2002.

Before ALARCÓN, SILVERMAN, Circuit Judges, and TEILBORG,* District Judge.

MEMORANDUM **

Jack Richards ("Richards") appeals the district court's grant of summary judgment in favor of his former employer, Seattle Firefighters Pension Board ("Board"), on two claims arising from his termination: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); and (2) retaliation in violation of the ADEA.

* The Honorable James A. Teilborg, United States District Judge for the District of Arizona, sitting by designation.

The district court determined that Richards established a *prima facie* case of discrimination, but failed to present evidence, direct or circumstantial, that the Board's proffered reason for terminating him was false or that the true reason for his termination was a discriminatory one. With regard to Richards' retaliation claim, the district court found that even if Richards raised an inference of retaliation, Richards failed to demonstrate that the Board's proffered reason for his termination was pretext.

Richards contends that the district court erred in finding that he failed to provide sufficient evidence of pretext on both the discrimination and retaliation claims. Furthermore, Richards argues that the district court failed to view the evidence presented in the light most favorable to him, the nonmovant. We affirm because we conclude that Richards failed to demonstrate that the reasons articulated by the Board for his termination are pretexual.

A.

■ The court employs a burden shifting analysis in determining whether the plaintiff has demonstrated a claim of ADEA discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142–43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (referring to the factors set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). A plaintiff must first establish a *prima facie* case of discrimination. *Id.* The degree of proof necessary to establish a *prima facie* case is minimal and need not rise to the level of a preponderance of the evidence. *Id.* Upon the plaintiff establishing an inference of discrimination, the bur-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

den shifts to defendant to articulate and offer evidence in support of a legitimate, nondiscriminatory reason for its employment decision. *Id.* Once the defendant fulfills this burden of production, " 'the *McDonnell Douglas* framework – with its presumptions and burdens – disappeared.' " *Id.* (quoting *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 510, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)). The remaining question for the trial court is whether a dispute of material fact exists as to whether the defendant intentionally discriminated against the plaintiff. *United States Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 715, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983).

The district court determined that Richards raised an inference of age discrimination. In turn, the Board presented evidence that it terminated Richards for performance deficiencies. (ER 201–03, 214–15, 224–25, 229–31, 237, 239). On review, we determine whether in finding that Richards failed to prove pretext, the district court viewed the evidence presented in the light most favorable to Richards.

In attempting to prove that the Board's proffered reasons for his termination were pretextual, Richards showed that: (1) the Board never raised performance issues with Richards, not even at the first meeting scheduled to discuss his retirement and proposed pension package; (2) Dennis Vickery, a Board member, praised him at the January 14, 1998 Board meeting for "doing a hell of a job;" (3) the Board's attorney offered to write Richards a letter of recommendation based on his contributions to the Board; and (4) the Board (through non-Board members) provided inconsistent reasons for Richards' termination in response to a Washington State Employment Security Department ("ESD") questionnaire and an inquiry to the City of Seattle ("City") by Richards.

In addition, Richards submitted a declaration providing a point by point rebuttal of each of the Board's enumerated performance issues.

Moreover, Richards contends that the true reason for his termination was his age. To demonstrate discriminatory motive, Richards relies on comments made by Board member Vickery. Richards argues that viewing the evidence in the light most favorable to him, the district court erred in granting summary judgment in favor of the Board.

A plaintiff can establish pretext to defeat summary judgment in either of two ways: (1) by offering "very little" direct evidence of the employer's discriminatory animus; or (2) by offering "specific" and "substantial" indirect evidence tending to show that the employer's proffered reason for the dismissal is not credible. *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1221–22 (9th Cir.1998).

Here, Richards presented no direct evidence of discriminatory intent and at best, provided nonprobative circumstantial evidence to challenge the Board's proffered reason as false. First, the Board was not required to inform Richards of performance issues prior to terminating him. Moreover, while an employer's changing rationale underlying the adverse employment action has been held sufficient evidence of pretext to survive summary judgment (*Lindahl v. Air France,* 930 F.2d 1434, 1438–39 (9th Cir.1991); *Norris v. City and County of San Francisco,* 900 F.2d 1326, 1330–31 (9th Cir.1990)), Richards relies on the statements of non-Board members who do not participate in decision-making. Statements made by non-members are not attributable to the Board as a decision making body. *See Jardien v. Winston Network, Inc.,* 888 F.2d 1151, 1155 (7th Cir.1989) (noting that actions and comments by employees not involved in a

discharge decision cannot provide a basis for determination of discrimination). Furthermore, the Board presented evidence to rebut any inference that the Board authorized the non-Board members' statements.

Finally, the Board proffered seven reasons in its motion for summary judgment to justify its decision to terminate Plaintiff. In order to defeat summary judgment, Richards must raise an issue of fact regarding each of the reasons proffered for his termination. *Wolf v. Buss (America) Inc.,* 77 F.3d 914, 920 (7th Cir.1996) (reh'g en banc). Richards failed to do so. A plaintiff's subjective personal beliefs of his competence alone does not defeat summary judgment. *Schuler v. Chronicle Broad. Co.,* Inc., 793 F.2d 1010, 1011 (9th Cir.1986). A plaintiff must do more than merely challenge the credibility of defendant's witnesses. *Id.* Even if Richards raised material issues of fact regarding some of the Board's proffered reasons, Richards has not carried his burden to show that all of the Board's reasons are pretextual.

To demonstrate discriminatory motive, Richards relies on comments made by Vickery encouraging Richards to retire while he was still in good health and able to enjoy hobbies. Other circuits have found that questions about one's retirement posed to an employee who is eligible for retirement, and who is not performing satisfactorily does not provide a reasonable basis for inferring age discrimination. *See Ziegler v. Beverly Enter.-Minn., Inc.,* 133 F.3d 671, 676 (8th Cir.1998); *Kaniff v. Allstate Ins. Co.,* 121 F.3d 258, 263 (7th Cir.1997). We agree.

On a motion for summary judgment, the district court must view the evidence in the light most favorable to the nonmovant; however, if the nonmovant will bear the burden of persuasion at trial, the party moving for summary judgment may prevail by showing that the nonmoving party cannot carry its burden at trial based on the admissible evidence in the record. *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 896 (3d Cir.1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Here, based on the admissible evidence in the record, and drawing all reasonable inferences in Richards' favor, Richards would not be able to carry his burden; thus, summary judgment for the Board was proper.

### B.

■ In order to prevail on a retaliation claim, a plaintiff must first establish a *prima facie* case of retaliation by showing that he engaged in a protected activity, that he was thereafter subjected by his employer to adverse employment action, and that a causal link exists between the two. *Cohen v. Fred Meyer, Inc.,* 686 F.2d 793, 796 (9th Cir.1982). A plaintiff may demonstrate the requisite causal link by presenting evidence sufficient to raise the inference that the adverse action was likely motivated by his protected activity. *Id.*

Once the plaintiff has established a *prima facie case,* the burden of production shifts to the defendant to offer evidence of some legitimate, nonretaliatory reason for the adverse action. *Id.* The burden then shifts back to plaintiff to produce evidence that defendant's proffered reason was a pretext for retaliation. *Id.*

Richards argues that at the January 22, 1998 Board meeting prior to the Board terminating him, he engaged in protected activity by informing the Board that their demand for his retirement amounted to unlawful age discrimination. Moreover, Richards claims that the issue of unlawful age discrimination arose at the January 14 Board meeting, which put the Board on notice that Richards would be asserting his

rights. Richards contends that as a result of his accusations of discrimination, the Board retaliated against him by summarily terminating him. Finally, Richards claims that the causal link is satisfied by the temporal proximity between the time of his protected act and the adverse action.

The district court presumed that Richards raised an inference of retaliation and proceeded to determine that Richards failed to provide evidence to show that the Board's proffered reason for terminating him was false or that the true reason for his termination was retaliation. The Board articulated that it had reached a decision to terminate Richards prior to Richards' accusation of discrimination. An employer who has made an employment decision is not liable for unlawful retaliation merely because it decides to follow through with its decision even after discovering that the employee has recently engaged in protected activity. *Id.* at 797. Thus, while the temporal connection is enough to demonstrate an inference of retaliation, it is insufficient to prove pretext.

As further evidence of retaliatory motive, Richards claims that the Board violated its rules requiring a quorum to make a binding decision. Evidence of a deviation from normal procedure raises an inference of improper motive. *See Spulak v. K Mart Corp.*, 894 F.2d 1150, 1155 (10th Cir.1990). The Board counters that it has violated no such rules. A quorum of three of the five member Board is required to make binding decisions. Prior to the January 22 meeting, members of the Board met one-on-one and each pair decided that Richards' termination would be effective on January 22. The Board offers evidence that pursuant to the Open Public Meetings Act, groups constituting less than a majority of the members of a governing body need not give notice to meet in an informal manner. The one-on-one discussions between Board members were conducted pursuant to this practice.

Prior to the January 22 meeting, the Board had decided to announce Richards' termination and to offer him a severance package. At the January 22 meeting, a quorum of the Board was present to render binding the decision to terminate Richards. Thus, Richards failed to show that the Board disregarded its rules in discharging him. Because Richards has not provided any additional evidence that the Board terminated him in retaliation for his accusations of discrimination, Richards' retaliation claim fails. Summary judgment was therefore proper.

AFFIRMED